UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY BONTATIBUS,              :
v.                                :    3:03cv00948 (JCH)
DUNCAN AYR, ET AL.                :    MARCH 28, 2005

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a two-claim complaint, contending in one claim that the individually named defendant maliciously prosecuted the plaintiff, and, in the second claim, that the defendant municipality was deliberately indifferent to his constitutional rights by permitting a person with a financial interest in the outcome of the fire investigation's results to have access to the fire scene in the hours immediately after blaze was under control.

### I. Legal Standard

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must

1

examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), citing Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988). "[S]ummary judgment...is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). "A

question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995).

## II    There Is A Dispute Of Material Fact Regarding Whether Defendant Ayr Failed To Include Exculpatory Information In The Affidavit He Prepared For The Plaintiff's Arrest

The factual dispute at issue in this case is narrow. Put another way, would there have been probable cause to sign the warrant in question had the neutral and detached magistrate reviewing it been informed that there was little or no financial incentive for Mr. Bontatibus to torch his own business?

Paragraph 26 of Detective Ayr's warrant recites the following: "That insurance records indicate that Bontatibus Floors & More is insured by the Hartford Insurance Company and according to Martin White, an agent of the Hartford Insurance Company, Bontatibus Floors & More was insured for $300,000 for its contents and $500,000 for business interruption." Exhibit C. Mr. Bontatibus controverts this by asserting that he told members of the Branford Police Department investigating the blaze that the value of the policy was approximately $125,000. Bontatibus Affidavit, Exhbit B, at Para. 8. Mr. Bontatibus further contends that the value of the policy would not have extinguished his debt, and that he had foreseeable accounts receivable to cover foreseeable operating expenses.

The case against Mr. Bontatibus laid out in the warrant is entirely circumstantial in nature. Mr. Bontatibus was present at the scene of the fire the day it erupted. And he

3

was in financial trouble and could have used the proceeds of the insurance policy to recover financial ground. The presence of a powerful motive to set the blaze was a pivotal component of the warrant affidavit. The plaintiff contends that the failure to place the potential economic gain from the fire in the proper perspective was a material deletion of an exculpatory fact that could have resulted in a magistrate's decision to refuse to sign the warrant application.

It has long been established that the intentional submission of material false information to a magistrate in order to obtain a warrant, which violates Franks v. Delaware, 438 U.S. 154 (1978), is actionable under Section 1983. If the violation involves issuance of an arrest warrant, the basis of the suit is malicious prosecution. If it involves issuance of a search warrant, the basis of suit is search and seizure without probable cause. E.g., Aponte Matos v. Toledo Davila, 135 F.3d 182 (1st Cir. 1998); Lombardi v. City of El Cajon, 117 F.3d 1117 (9th Cir. 1997); Hervey v. Estes, 65 F.3d 784 (9th Cir. 1995); Clanton v. Cooper, 129 F.3d 1147 (10th Cir. 1997); Breidenbach v. Bolish, 126 F.3d 1288 (10th Cir. 1997); Bruning v. Pixler, 949 F.2d 352 (10th Cir. 1991); DeLoach v. Byers, 922 F.2d 618, 621-22 (10th Cir. 1990); Kelly v. Curtis, 21 F.3d 1544 (11th Cir. 1994). See also Stewart v. Donges, 915 F.2d 572 (10th Cir. 1990). "A plaintiff 'must make (1) a substantial showing of deliberate falsehood or reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred. If a plaintiff satisfies these requirements, the matter should go to trial.'...Materiality is for the court, state of mind is for the jury." Butler v. Elle, 281 F.3d 1014, 1024 (9th Cir. 2002) (citations omitted). Everyone has a "right to be free from an arrest based on a warrant that would not have been issued if the officer

4

seeking the warrant had disclosed to the issuing magistrate information within the officer's knowledge that negated probable cause." Smith v. Edwards, 175 F.3d 99, 105 (2d Cir. 1999). "To allege a violation of that clearly established right, [a plaintiff] must demonstrate both that [the officer] intentionally or recklessly made false statements in the warrant application and that those statements were necessary to a finding of probable cause." Loria v. Gorman, 306 F.3d 1271, 1289 (2d Cir. 2002).

In this case, a volunteer firefighter died while trying to suppress the fire. This Court can and should infer that emotions ran hot in the weeks and months following the fire. Defedant Ayr's refusal to provide the correct data about the policy in his affidavit amounted to reckless disregard for the truth. But for the overstatement of the financial gain, there would have been little to support the arrest of the plaintiff. The plaintiff contends that there is a triable issue of fact in this case on the warrant-based claim: to wit, whether Duncan Ayr was recklessly in disregard of the truth by failing to include the exculpatory information about how little there was to gain for the plaintiff by setting a fire.

III    There Is Sufficient Evidence To Support A Claim That The Town Of Branford Is Liable For Permitting As A Matter Of Municipal Policy Of Custom A Person With A Financial Interest In The Outcome Of The Investigation To Have Access To The Crime Scene

It is axiomatic in the investigation of a crime scene that the integrity of the scene be preserved to the extent possible. In this case, no effort was made to preserve the integrity of the scene. Indeed, while the embers of the fire were still glowing, the Town of Branford permitted an agent of entity with a financial outcome in the outcome of the investigation to have unlimited access to the crime scene.

5

The individual in question was Bill Lewis, a former member of the State Fire Marshal's Office, who was employed as an investigator by The Hartford Insurance Company on the date of the fire. He was permitted access to the crime scene immediately, and was observed physically present in the fire-ravaged carcass of the building the very next day. It was The Hartford which carried the insurance policy on Bontatibus Floors and More. [1]

A failure to train claim can be supported by evidence that the failure amounts to deliberate indifference to the rights of the persons with whom the police come in contact. City of Canton, 489 U.S. 378, 385 (1989)

The plaintiff contends that permitting a person who is an agent for someone with a financial interest in the outcome of the case is a defect so obvious that policy makers can be said to be deliberately indifferent by permitting it to occur. Canton, at 390; see also, Amnesty America v. Town of West Hartford, 361 F.3d 113, 129 (2d.Cr.2004). Proof of causation arising from the violation of a right, also a necessary element is, difficult in this area as there is no conclusive proof of the cause of the fire. The plaintiff contends that the manner in which the investigation was conducted on the night of the blaze and on the following morning, was to slipshod and haphazard as to deprive the plaintiff of any real opportunity to prove that the fire's cause was of benign origin.

As recited by the defendants in their brief, state law requires that the office of the

---

[1] The Hartford settled Mr. Bontatibus' claim under the insurance contract for an undisclosed sum after the civil trial on the contract resulted in a mistrial. One of the defenses raised by the insurer was that Mr. Bontatibus had set the blaze. The insurer was unable to prove this by a preponderance standard, bringing to a total of four times the case was submitted to trial. There were three criminal trials, two of which resulted in no verdict, and one of which was mistried due to juror misconduct prior to a verdict.

Fire Marshal "thoroughly investigate the cause, circumstances and origin of all fires or explosions ..." The plaintiff contends that the town's permitting agents of private insurance companies to participate in crime scene investigations undermines his right to equal protection of the law and to due process by permitting persons with a financial interest in the outcome of a case to have both the opportunity and motive to tamper with a crime scene. At a minimum, the plaintiff contends that the manner in which the investigation proceeded raises triable issues of fact.

**IV      Conclusion**

For all of the reasons stated above the defendants' motion for summary judgment should be denied.

THE PLAINTIFF

By_____
NORMAN A. PATTIS
649 Amity Road
Bethany, CT 06524
203.393.3017
203.393.9745
ct 13120

**CERTIFICATION**

The foregoing was mailed this 28th day of March 2005 to James Tallberg, Updike, Kelly & Spellacy, One State Street, P.O. Box 231277, Hartford, CT 06123.

_____
NORMAN A. PATTIS